# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

KURT KOHAMA,

    Plaintiff - Appellant,

V.

MCCABE, HAMILTON & RENNY CO., LTD.; et al.,

    Defendants - Appellees.

No. 05-16590
D.C. No. CV-04-00521-HG

**JUDGMENT**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 3 2006

at 11 o'clock and 40 min. A M
SUE BEITIA, CLERK

    Appeal from the United States District Court for the District of Hawaii (Honolulu).

    This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

    On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 07/21/06



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 2 1 2006

by:
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**JUL 21 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KURT KOHAMA,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>MCCABE, HAMILTON & RENNY CO., LTD.; INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 142; JOHN DOES 1-10,<br><br>            Defendants - Appellees. | No. 05-16590<br><br>D.C. No. CV-04-00521-HG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted June 14, 2006
Honolulu, Hawaii

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

Kurt Kohama ("Kohama") appeals the district court's grant of summary

judgment against his contract claims and Family Medical Leave Act ("FMLA")

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

claim, 29 U.S.C. § 2615(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

McCabe is entitled to summary judgment on Kohama's claims for breach of express and implied contract.[1] Kohama alleges that McCabe violated sick leave provisions of the Collective Bargaining Agreement ("CBA") and that he was terminated without being given the "fair treatment" promised by the CBA. These claims are "substantially dependent" on an analysis of the CBA and therefore preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[2] *Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 859 n.3 (1987). Section 301 preemption is appropriate where, as here, the employee's claim requires us to interpret the terms of the CBA.[3] *Firestone v. S.*

---

[1] We review *de novo* the district court's grant of summary judgment. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1047 (9th Cir. 1995).

[2] We review *de novo* whether Kohama's contract claims are preempted by federal law. *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987).

McCabe did not waive the defense of preemption by failing to assert it in its Answer. We consider this defense because McCabe raised it on summary judgment and because there is no showing that Kohama was prejudiced by McCabe's failure to plead it earlier than summary judgment. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

[3] Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting

(continued...)

*Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); *see Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for 'violation of contracts between an employer and a labor organization.'" (citation omitted)).

Thus, Kohama's contract claims are properly characterized as § 301 claims. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 998 (9th Cir. 1987) (holding that federal law "supplants" a contract claim with a federal claim where the contract is only enforceable under the CBA). Kohama's § 301 claim fails because he cannot show that the Union breached its duty of fair representation. *See Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1060 (9th Cir. 1989) (explaining that to proceed with a § 301 suit, an employee subject to a CBA must show that the Union breached its duty of fair representation). The district court found that Kohama had not met this burden in regard to his other § 301 claim, and Kohama did not appeal that ruling. Moreover, the parties agreed to dismiss the Union as a defendant. Thus, McCabe is entitled to summary judgment on the contract claims.

---

[3](...continued)
commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a).

McCabe also is entitled to summary judgment on the FMLA claim because Kohama has not met his burden of showing that either he or McCabe are covered by the Act. There is no evidence in the record that Kohama worked the requisite number of hours to be an eligible employee, *see* 29 U.S.C. § 2611(2)(A), or that McCabe has a sufficient number of employees to be covered by the FMLA, *see* 29 U.S.C. § 2611(4)(A)(i). Kohama cannot sustain a claim for interference with FMLA rights without evidence that he is entitled to receive such rights. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (explaining that summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Therefore, summary judgment in McCabe's favor was appropriate.

We AFFIRM.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 21 2006

by: Deputy Clerk